# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TROJAN BATTERY COMPANY, LLC, | § § § | |
| Plaintiff. | § § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-03075 |
| GOLF CARTS OF CYPRESS, LLC, ET AL., | § § § § | |
| Defendants. | § § | |

## ORDER AND OPINION

Pending before me is Defendants' Motion to Stay Proceedings. Dkt. 16. After carefully reviewing the briefing, the record, and the applicable law, the Motion to Stay Proceedings is **DENIED**.[1]

## BACKGROUND

This is a trademark infringement and unfair competition lawsuit brought by Trojan Battery Company LLC ("Trojan Battery") against Trojan EV LLC ("Trojan EV") and Golf Carts of Cypress LLC ("Cypress"). Let me set the stage with a brief description of the parties and the events giving rise to the present dispute.

Founded in 1925, Trojan Battery makes and sells various types of batteries. In 1952, Trojan Battery reportedly pioneered the development of "deep-cycle" battery technology for golf carts. Today, Trojan Battery maintains that its "golf and utility vehicle batteries are the premier golf and utility vehicle batteries" on the

---

[1] A motion to stay proceedings is a nondispositive motion appropriately decided by a magistrate judge. *See Weiters v. Vannoy*, No. CV 16-14945, 2017 WL 736313, at *1 n.1 (E.D. La. Feb. 24, 2017) ("A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief."); *U.S. ex rel. Becker v. Tools & Metals, Inc.*, No. 3:05-CV-0627-L, 2013 WL 1293818, at *3 (N.D. Tex. Mar. 31, 2013) ("Motions to stay are nondispositive in nature and thus are subject to the 'clearly erroneous or contrary to law' standard of review.").

market, "known for their high quality, outstanding sustained performance, and total energy output." Dkt. 1 at 4. Trojan Battery claims it spends a considerable amount of money each year to market its products to the golf industry.

Trojan Battery owns three federally registered trademarks that it uses in connection with its sale of batteries: the TROJAN® word mark; the TROJAN BATTERY SALES® word mark; and a TROJAN logo:  .

Trojan EV and Cypress are two entities completely unrelated to Trojan Battery. In the last few years, Trojan EV and Cypress began selling golf carts under the brand name TROJAN-EV with a TROJAN-EV logo: . On March 26, 2021, Trojan EV (but not Cypress) filed two trademark applications with the United States Patent and Trademark Office ("PTO") seeking to register both the TROJAN-EV mark and the TROJAN-EV logo for motorized golf carts.

On September 21, 2021, Trojan Battery filed the instant lawsuit, seeking injunctive and monetary relief for: (1) infringement of its federally registered trademark; (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (3) common-law unfair competition; and (4) common-law trademark infringement.

In mid-October 2021, while this lawsuit was pending, the PTO approved Trojan EV's applied-for trademarks for publication. On December 20, 2021, Trojan Battery filed a Consolidated Opposition Proceeding with the Trademark Trial and Appeal Board ("TTAB") opposing both of Trojan EV's applications. In the TTAB proceedings, Trojan Battery alleges that Trojan EV's use and registration of the Trojan EV marks is likely to cause confusion among the relevant consuming public, who will mistakenly conclude that Trojan EV goods are associated with Trojan Battery's products.

On February 16, 2022, Trojan Battery asked TTAB to suspend the Consolidated Opposition Proceeding pending resolution of this case.[2] The next day, Trojan EV and Cypress asked this Court to stay the federal action pending the outcome of the TTAB proceeding.

## APPLICABLE LAW

A "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."). "The court's discretion to grant or deny a stay clearly includes the authority to do so pending the resolution of proceedings in the USPTO." *ClipBandits, LLC v. Samora*, No. 4:20-CV-03054, 2020 WL 7388629, at *2 (S.D. Tex. Dec. 16, 2020). The party moving for a stay bears a "heavy burden" to demonstrate that it is appropriate. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

## DISCUSSION

Trojan EV and Cypress contend that staying further proceedings in this case pending the resolution of the TTAB proceedings is appropriate for three reasons: (1) "doing so would vastly reduce the burden on the Court for this particular case due to the preclusive effect of the single issue that is dispositive of all claims in this case"; (2) "Trojan Battery would suffer nor harm or prejudice from a stay"; and (3) "the parties would likely obtain a resolution of the dispute in a less costly and more time efficient manner before the TTAB." Dkt. 16 at 6. Trojan Battery strongly opposes the request for a stay.

---

[2] TTAB has yet to rule on that request.

3

Although Trojan EV and Cypress do not specify by name the legal doctrine they rely upon, it is clear that their request is governed by the judge-made doctrine of primary jurisdiction. This doctrine "comes into play when a court and an administrative agency have concurrent jurisdiction over the same matter, and no statutory provision coordinates the work of the court and of the agency." *Mercury Motor Express., Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973). "The doctrine operates, when applicable, to postpone judicial consideration of a case to administrative determination of important questions involved by an agency with special competence in the area." *Id.* at 1091–92.

United States District Judge Andrew Hanen, my colleague on the bench here in the Southern District of Texas, recently denied a stay of a federal infringement lawsuit pending the outcome of a TTAB proceeding. *See ClipBandits*, 2020 WL 7388629, at *3. Judge Hanen's sound analysis in *ClipBandits* applies in all respects to this case, foreclosing Trojan EV and Cypress's efforts to stay this lawsuit. Judge Hanen rejected the argument that a stay would promote efficiency because infringement and unfair competition claims, both of which are at issue in this case, are "additional claims . . . that cannot be resolved by the agency." *Id.* at *2. Judge Hanen also held that the TTAB "lacks authority to issue injunctive relief or award damages for an infringement claim, which is the crux of this lawsuit." *Id*. Moreover, because a district court is required to decide issues of infringement independently, "the results from [the] TTAB proceedings, even insofar as they directly bear on some claims in this judicial proceeding, would not require a certain result." *Id.* at *3. Following the lead of circuit courts and district courts across the country,[3]

---

[3] *See Robin Singh Educ. Servs. v. Excel Test Prep. Inc.*, 274 F. App'x 399, 403 n.4 (5th Cir. 2008) (observing favorably that "several Circuit courts have noted that federal courts are not obligated to defer to PTO proceedings nor are PTO's findings on infringement binding on federal courts"); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1164 (9th Cir. 2007) ("More importantly, where, as here, there is a potential infringement lawsuit, federal courts are particularly well-suited to handle the claims so that parties may quickly obtain a determination of their rights without accruing potential damages."); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996) (concluding that "the [Lanham

Judge Hanen held that "[t]he doctrine of primary jurisdiction does not justify a federal court's deferral to a parallel proceeding before TTAB or require a stay." *Id.*

Trojan EV and Cypress offer no response whatsoever to Judge Hanen's persuasive reasoning. Tellingly, Trojan EV and Cypress cannot cite a single case in which a federal court has stayed a lawsuit pending the outcome of a TTAB proceeding. In opposing a stay, Trojan Battery avers that this lawsuit: (i) includes claims that are not before the TTAB; (ii) will involve a more fulsome inquiry into the likelihood of confusion; (iii) can provide Trojan Battery additional or greater relief; and (iv) involves a defendant, Cypress, that is not part of the TTAB proceeding. *See* Dkt. 17 at 6. All these considerations, Trojan Battery insists, "counsel that this case should move forward." *Id.* I wholeheartedly agree. I am particularly persuaded by Trojan Battery's argument that delaying this case pending resolution of the TTAB proceeding would be unduly prejudicial because the primary relief Trojan Battery seeks in this case is injunctive relief—relief that TTAB cannot grant.

## CONCLUSION

Because I have determined that a stay is not warranted under the facts of this case, I **DENY** the Motion to Stay (Dkt. 16).

SIGNED this 31st day of March 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

Act] claim in the present case should not be deferred based on primary jurisdiction concerns"); *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 853–54 (2d Cir. 1988) ("But where, as in the pending case, a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO."); *Officeware Corp. v. Dropbox, Inc.*, No. 3:11-CV-1448-L, 2012 WL 3262760, at *4 (N.D. Tex. Aug. 10, 2012) (denying a motion to stay because "[r]egardless of the TTAB's decision, this court would still have to determine the infringement issue independently"); *Vantage Trailers, Inc. v. Beall Corp.*, No. CIV.A.H-08-0361, 2008 WL 4746288, at *5 (S.D. Tex. Oct. 27, 2008) ("[E]ven if a parallel administrative proceeding was underway, courts have consistently declined to defer to the TTAB when, like here, additional claims are raised that cannot be resolved by the agency.").