IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---------------------------------------------------------------X
**TROJAN BATTERY COMPANY, LLC**         :
                                         :
        Plaintiff,              :
   -v-                              :    Civil Action No. 4:21-cv-3075
                                         :
**TROJAN EV, LLC and GOLF CARTS**        :
**OF CYPRESS, LLC**                      :
                                         :
        Defendants.             :
---------------------------------------------------------------X

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN TRIAL EXHIBITS AND PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, Trojan Battery Company, LLC ("Plaintiff"), respectfully files this Unopposed Motion for Leave to File Documents Under Seal for certain trial exhibits admitted at the bench trial held in this matter from June 8, 2023 to June 13, 2023 as well as portions of the Plaintiff's Proposed Findings of Fact and Conclusions of Law.

There is a presumption in favor of public access to documents that have been placed in the judicial record. *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 418-18 (5th Cir. 2021). Thus, in sealing judicial records, the Court should identify the presumption in favor of public access and "articulate any reasons that would support sealing." *Id.* at 419. In light of those interests, and the interests of the public in understanding the judicial process and the basis for the Court's decision-making, Plaintiff makes this limited motion to seal certain highly confidential records that were used at trial. As set forth below on a document-by-document basis, the limited sealing request presents interests that counter-

balance the public interest in access. Specifically, the sealing request is limited (with redactions instead of total sealing where possible) such that the Court can still rely on the information in the documents as part of a public opinion and therefore can preserve the ability of the public to understand and evaluate the decision-making process. That goal can be accomplished here without providing public access to the underlying documents themselves.

As to Plaintiff's Proposed Findings of Fact and Conclusions of Law, Plaintiff seeks to file a redacted document that redacts the precise revenue numbers that Plaintiff is seeking the Court to award as infringer profits under 15 U.S.C. § 1117(a). Plaintiff does not believe that sealing these amounts is appropriate under *Binh Hoa Le*, but Defendants have informed Plaintiff that they intend to file a motion to seal this information. Accordingly, Plaintiff seeks permission to file a redacted public version of its Proposed Findings alongside a sealed version until the Court resolves the issue of whether to seal those amounts.

The trial exhibits that Plaintiff seeks to seal are as follows:

- **PTX 26**: Plaintiff moves to seal this trial exhibit with the exception of the cover and pages 5-6, which were discussed in some detail at trial. This will preserve the Court's ability to reference and rely upon those portions of the document while keeping the remainder off the public docket.

  PTX 26 warrants sealing because it is an internal "3-Year Strategic Plan" that contains business confidential and trade secret information concerning market conditions, competition, and analysis of Trojan Battery's business. The document is dated May 11, 2022 and thus remains "fresh" and could provide competitors with competitive information that would harm Trojan Battery. Trojan Battery maintains these assessments as highly confidential, and indeed the document itself reflects that it is "CONFIDENTIAL – INTERNAL USE ONLY."

- **PTX 27 & PTX 261**: Plaintiff moves to seal these trial exhibits in their entirety, since they include specific and recent revenue information for Trojan Battery products. This information is competitively sensitive and maintained in confidence by Trojan Battery and was produced as highly confidential in discovery.

    Sealing these exhibits will not hinder the Court's ability to prepare a public opinion or limit the ability of the public to understand the basis for the Court's reasoning. Plaintiff introduced these exhibits to show the quantity of sales of TROJAN® batteries and, therefore, the strength of the TROJAN® Marks in the marketplace. Plaintiff has no objection to the parties or the Court referring to the sales numbers in summary or round number fashion, such as "hundreds of millions," when the Court relies upon sales quantities.

- **DTX 22**: Plaintiff moves to seal this June 1, 2022 Distributor Agreement between Plaintiff and Continental Battery Company. The agreement is recent and contains detailed and confidential details of the business relationship between Plaintiff and Continental Battery as a master distributor that could harm Plaintiff or the relationship between Plaintiff and Continental if disclosed publicly. Plaintiff has maintained this agreement as confidential, the agreement is marked with a "Confidential" footer on its front page, and contains a "Confidential Information" section that strictly limits the disclosure of the terms of the agreement.

    Sealing DTX 22 will not hinder the Court's ability to prepare a public opinion or limit the ability of the public to understand the basis for the Court's reasoning. DTX 22 was used at trial for the very limited purpose of: (i) referring to the fact that Continental Battery is the exclusive distributor of TROJAN® batteries in certain exclusive territories and (ii) referring to the provision requiring Distributor to "promptly notify C&D of any action by any third party of which it becomes aware that could or might constitute an infringement of any of C&D's proprietary rights" DTX 22, at 11; *see* Trial Tr. 6/9/2023 Afternoon, at 8:3-7, 10:2-6. Plaintiff has no objection to the parties or the Court referring to those uses in its public opinion, without providing the public access to the underlying agreement.

- **DTX 23**: Plaintiff moves to seal this price list. The price list is relatively recent and includes detailed pricing for numerous TROJAN® and non-TROJAN® batteries. This information, and particularly the price at which Trojan Battery sells to its master distributors, is highly confidential and competitively sensitive information that, if disclosed, could harm Plaintiff

or its relationship with its master distributors. And, of course, pricing information could be highly useful to competitors of Plaintiff.

Sealing DTX 23 will not hinder the Court's ability to prepare a public opinion or limit the ability of the public to understand the basis for the Court's reasoning. To the extent the Court needs to rely on the price of TROJAN® batteries, there is non-confidential testimony on that topic. In addition, Plaintiff has no objection to the parties or the Court referring to pricing in summary terms or as a range, such as "several hundred dollars."

To preserve the confidentiality of the information in PTX 27, PTX 261, DTX 22, and DTX 23, Plaintiff seeks the Court's permission to file the identified exhibits under seal.

The Local "instructions for electronic filing of documents under seal" provide that, where redactions of documents are possible, a redacted version should be filed under the appropriate docket event. In accordance with these instructions, Plaintiff seeks the Court's permission to file a redacted version of PTX 26 as described above.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff leave to file under seal the material identified above.

Dated: June 20, 2023

    Respectfully submitted,

    DUANE MORRIS LLP

    By:   */s/Tyler R. Marandola*
    Gilbert A. Greene, attorney-in-charge
    Texas State Bar No. 240455976
    S.D. Texas Bar No. 3313561
    bgreene@duanemorris.com
    Las Cimas IV
    900 S. Capital of Texas Hwy, Suite 300
    Austin, TX 78746-5435

Tel: 512-277-2300
Fax: 512-277-2301

Nicole K. McLaughlin (*pro hac vice*)
nkmclaughlin@duanemorris.com
Tyler Marandola (*pro hac vice*)
tmarandola@duanemorris.com
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-979-1000
Fax: 215-979-1020

*Attorneys for Plaintiff, Trojan Battery Company, LLC*

## **CERTIFICATE OF CONFERENCE**

I certify that on June 20, 2023, I conferred with counsel for Defendants regarding the relief sought in this Motion for Leave to File Under Seal and Defendants' counsel advised that Defendants do not oppose the relief sought.

*/s/Tyler Marandola*
Tyler Marandola

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on June 20, 2023, I served a true and correct copy of the foregoing document upon all counsel entitled to receive such notice via the Court's electronic filing system and/or electronic mail.

>                               */s/Tyler Marandola*
>                               Tyler Marandola