# FEARS | NACHAWATI PLLC

Attorneys and Counselors at Law

5473 Blair Rd.
Dallas, TX 75231
T. (214) 461.6223
F. (214) 890.0712
www.fnlawfirm.com

Jennifer C. Filla, Esq.
jfilla@fnlawfirm.com

August 12, 2021

**Via Email and Certified Mail**
Duane Morris
Attn: Nicole K. McLaughlin
30 South 17th Street
Philadelphia, PA 19103-4196
NKMcLaughlin@duanemorris.com

*Re*:     Trojan Battery Company LLC, Intellectual Property

Dear Ms. McLaughlin:

This firm represents Trojan EV, LLC ("Trojan EV"). We are in receipt of your letter dated July 30, 2021, wherein you allege that Trojan EV's trademark TROJAN - EV infringes on your client's TROJAN BATTERY series of trademarks. Respectfully, we disagree with your analysis that TROJAN - EV is confusingly similar to your client's marks.

Trojan EV owns the common law rights in and to the mark TROJAN - EV and has applied to protect their mark in the standard character mark, serial number 90573175 and the logo in serial number 90596346 in class 012 associated with "motorized golf carts."

While there is no dispute that Trojan Battery Co. owns a series of TROJAN BATTERY marks, Trojan EV categorically denies any likelihood of confusion issue. Your argument is based entirely on the fact that the two marks similarly use the word "trojan." However, there are 111 active records in the USPTO's electronic search database using the word "trojan." The use of the same word does not create *per se* trademark infringement. Trojan EV is registering their trademarks in International Class 012, while your client's classification is International Class 009. These classes are not the same and are not considered coordinated classes which would warrant overlapping protection.

Looking at the description for your client's trademarks as you have described them:



TROBAT0000252

| MARK | REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| **TROJAN** | 1813578 | *electric storage batteries* |
| **TROJAN BATTERY SALES** | 5182780 | *Retail and wholesale store services and wholesale distributorships featuring Deep Cycle Batteries, AGM Batteries and Deep Cycle Batteries, Auto and Commercial Starting Batteries, Marine Batteries, Lawn and Garden Starting Batteries, Motorcycle Batteries, Acid Pack Batteries, SLA Batteries, Battery Chargers, Watering Kits for batteries, Seat Kits for batteries, Cables, and Battery Testers* |
| TROJAN BATTERY COMPANY (logo) | 5951233 | *Electric storage batteries; deep cycle electric storage batteries; Lithium ion batteries* |

There is nothing to indicate any specific industry, rather, the marks are described generally as batteries. To claim such broad protection in an un-coordinated class is a stretch at best. Further, the mark is inherently weak considering the 111 active records utilizing this word.

The law is clear that the existence of some commonality between products does not necessarily lead to the conclusion that the products are so related as to cause a likelihood of confusion, even when the marks at issue are identical or have identical elements; "[s]imply occupying the same field does not necessarily render the products proximate." *Giorgio Beverly Hills, Inc. v. Revlon Consumer Products Corp.*, 33 USPQ.2d 1465, 1469 (SDNY 1994).

Case law is replete with similarly decided cases finding no likelihood of confusion between similar or nearly identical marks for goods in the same broad category. See e.g., *American Optical Corp. v. American Olean Title Co.*, 185 USPQ 405 (SDNY 1974) (finding no likelihood of consumer confusion between AO for floor coating and the identical mark AO for ceramic tile); *Consumers Petroleum Co. v. Consumers Co. of Illinois*, 78 USPQ 227 (7th Cir. 1948), *cert. denied*, 80 USPQ 600 (1949) (finding no likelihood of consumer confusion between CONSUMERS for fuel oil and CONSUMERS for coal and wood fuel); *Lever Bros. Co.*

*v. Barcolene Co.*, 174 USPQ 392 (CCPA 1972) (finding a sufficient product difference between ALL household cleaners and ALL CLEAR glass surface cleaners); *In re Ferrero*, 178 USPQ 167 (CCPA 1973) (finding a competitive difference between TIC TAC candy and TIC TAC TOE ice cream); *In re Sears Roebuck and Co.*, 2 U.S.P.Q.D 1312 (TTAB 1987) (finding no confusion for Cross-over women's bras and Crossover women's sportswear); *Colgate-Palmolive v. Carter-Wallace*, 432 F.2d 1400, 167 U.S.P.Q. 529 (CCPA 1970) (finding sufficient differences between PEAK dentifrice and PEAK PERIOD personal deodorants even though both can be classified as "toilet preparations").

There is no *per se* rule that goods or services sold in the same field or industry are similar or related for purposes of likelihood of confusion. *See Cooper Industries, Inc. v. Repcoparts USA, Inc.*, 218 USPQ 81, 84 (TTAB 1983). *Lloyd's Food Products, Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993) (reversing likelihood of confusion cancellation of LLOYD'S for barbecued meats based on LLOYD's for restaurant services); *Electronic Design & Sales, Inc. v. Electronic Data Systems Corp.*, 954 F.2d 713, 21 U.S.P.Q. 2d 1388 (Fed. Cir., 1992) (reversing likelihood of confusion cancellation of E.D.S. for computer power supplies or battery chargers based on EDS for computer services); *Astra Pharmaceutical v. Beckman Instruments*, 718 F.2d 1201 (1st Cir. 1983) (finding no trademark infringement between the mark ASTRA for computerized blood analyzers and the mark ASTRA for the manufacture and distribution of pharmaceutical and medical products); *Dynamics Research Corp. v. Langenau Manufacturing Co.*, 704 F.2d 1575 (Fed. Cir. 1983) (affirming no likelihood of confusion between the marks DRC for encoders and numerically controlled back gauges for press brakes and DRC for the production of sheet metal fabric.)

TMEP § 1207.01(d)(x) regarding conflicting marks owned by different parties dictates that if there exists registrations that appear to be owned by more than one registrant, one should consider the extent to which dilution may indicate that there is no likelihood of confusion." The word "trojan" in general is a commonly used term, as there exist 7 active trademarks in International Class 009, 7 in class 035, and 6 in class 012. Across all classes there are over 100 active records using the word "trojan." The extensive use of "trojan" indicates that consumers are used to seeing it in the marketplace and distinguishing the services as to their source. As consumers are capable of distinguishing between the multitudes of "trojan" marks, so too can they distinguish TROJAN BATTERY COMPANY and TROJAN - EV marks and services in different categories.

Based on the above, Trojan EV respectfully declines to cease use of their TROJAN - EV mark. Trojan EV is willing to enter into discussions regarding their current pending applications, but they have every intention of vigorously defending their marks.

If you have any questions, please do not hesitate to contact our office.

Sincerely,

*[signature: Jennifer C. Filla]*

Jennifer C. Filla
Attorney

TROBAT0000254